IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:07-CV-00030-FL

| | | |
|---|---|---|
| BETTY EASON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of the Social Security Administration, | ) | |
| | ) | |
| Defendant. | | |

This matter came before the court on the parties' motions for judgment on the pleadings (DE ## 14, 20), with benefit of memorandum and recommendation ("M&R") submitted on July 18, 2008, by Magistrate Judge Robert B. Jones. Plaintiff has objected to the M&R, (DE #24), the time period for any further response has ended, and the matter is ripe for ruling. For the following reasons, the court adopts the magistrate judge's recommendation and therefore grants defendant's motion for judgment on the pleadings and denies plaintiff's motion for judgment on the pleadings.

STATEMENT OF THE CASE

Plaintiff filed applications for Social Security Disability Insurance and Supplemental Security Income on December 6, 2004. Tr. 49-53, 195-98. After her claims were denied at the initial and reconsideration levels, she requested a hearing before an Administrative Law Judge (hereinafter ALJ). Tr. 38-45, 199-212. Following a hearing, the ALJ issued an unfavorable decision on November 3, 2006, in which he determined that plaintiff was not disabled, as that term is defined in the Social Security Act and Regulations. Tr. 19-30. Plaintiff submitted additional evidence and

appealed that decision to the Appeals Council, which found no basis for review on June 8, 2007, making the ALJ's decision the final decision of the Commissioner from which plaintiff appeals. Tr. 213-219. Plaintiff filed a complaint with this court on August 9, 2007, seeking appellate review of the final administrative decision.

## STATEMENT OF THE UNDISPUTED FACTS

The following facts are not in dispute. Plaintiff was 49 years of age at the time the ALJ issued his opinion, making her a "younger individual" for purposes of the instant inquiry. Tr. 24, 28, 49; 20 C.F.R. §404.1563(b). She has a high school education. Tr. 28. She has past work experience as a nursing assistant. Tr. 84-86, 241.

At her administrative hearing, plaintiff testified that she initially stopped working because of a hysterectomy but was unable to return to work after the surgery because of a nerve that was damaged in the surgery. Tr. 238-40. She testified that after she was released to work following her surgery, she began having trouble with numbness in her leg and hip. Tr. 239. She alleges that she is unable to work because of pain and numbness from her hip to her foot as well as bilateral degenerative joint disease of the knees. Tr. 228, 231. She testified that she has had injections to her right knee that have not helped. Tr. 231. She uses a cane that was prescribed by Dr. Perez. Tr. 166, 231.

Plaintiff further testified that as a result of pain in her back, right leg and both knees, she relies on a cane to stand and walk. Tr. 237. She reported that she can only sit for approximately twenty minutes. Tr. 232, 236. She also reported that she is incapable of walking a block without stopping, and cannot stand for more than fifteen minutes. Tr. 237, 233. According to plaintiff, she performs virtually no daily activities as a result of limitations caused by pain and began relying on

2

the assistance of a home health nurse in August, 2006. Tr. 234. The home health nurse assist her with dressing, bathing, grocery shopping, and household chores. Tr. 231-32, 234. Prior to the assistance of a home health nurse, plaintiff relied on assistance from her daughter and a neighbor. Tr. 235, 238. She testified that she spends her days sleeping and resting and at times, watching television. Tr. 231-232, 237. Plaintiff does not own an automobile and does not drive. Tr. 232. She reports being unable to lift more than a half-gallon of milk. Tr. 232-233.

The ALJ determined that plaintiff has not been disabled as defined by the Social Security Act (the "Act"). Tr. 23. The ALJ's decision includes a full description of the relevant five-step evaluation process required by regulation, and analysis pursuant thereto. Id. At step one, the ALJ found that plaintiff had not engaged in any substantial gainful activity during the period of alleged disability. Tr. 25. At step two, the ALJ found that plaintiff suffered from a "sever impairment." Id. At step three the ALJ found that plaintiff's impairment does not meet or medically equal the criteria of a listed impairment. Id. The ALJ also determined that the plaintiff has the residual functional capacity ("RFC") to perform sedentary work. Tr. 27. The ALJ found no non-exertional postural, environmental or mental limitations or restrictions which significantly compromise the range of unskilled sedentary occupations. Id. In making this assessment, the ALJ found plaintiff's statements about her limitations not fully credible based upon the medical evidence and upon her ability to maintain a household for herself and her twelve year-old daughter. Tr. 26, 29. At step four, the ALJ concluded plaintiff did not have the RFC to perform the requirements of her past relevant work as a nurse's assistant. Tr. 27, 29. Nonetheless, at step five, upon considering plaintiff's age, education, work experience and RFC, the ALJ determined plaintiff is capable of adjusting to the demands of other employment opportunities that exist in significant numbers in the national economy. Tr. 28-30.

DISCUSSION

A. Standard of Review

The court may "designate a magistrate . . . to conduct hearings, including evidentiary hearings, and submit to a judge of the court proposed findings of fact and recommendations for disposition" of a variety of motions, including motions for judgment on the pleadings. 28 U.S.C. § 636(b)(1)(A)-(B). "The magistrate . . . shall file his proposed findings and recommendations . . . with the court[.]" 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. The court is obligated to make *de novo* determinations of those portions of the M&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); see also Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

This court is authorized to review the Commissioner's denial of benefits under 42 U.S.C. sections 405(g) and 1383(c)(3). It must uphold the findings of an ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard. 42 U.S.C. § 405(g); Craig v. Chater, 76 F.3d 585, 589 (4th. Cir. 1996) (superseded by statute on other grounds). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).

In its inquiry, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Craig, 76 F.3d at 589). "Ultimately, it is the duty of the administrative law judge reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th

4

Cir. 1990). Even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Id. With these principles in mind, and having benefit of the M&R, the court turns to the arguments at hand.

B. Plaintiff's Argument

In his M&R the magistrate judge determined that substantial evidence supported the ALJ's decision, and recommended that the court uphold the Commissioner's determination with respect to plaintiff's disability claims. Plaintiff objects to the M&R on five bases, which the court considers in turn.

First, plaintiff contends that the magistrate judge erred when he found that the evidence submitted to the record after the ALJ made his determination was not "new and material" and therefore, remand is required. The Appeals Council must consider additional evidence if (1) the evidence is new; i.e., not duplicative or cumulative of that which is already in the record; (2) the evidence is material; i.e., there exists a reasonable possibility that the new evidence would have changed the outcome; and (3) the evidence "relates to the period on or before the date of the [ALJ's] hearing decision." 20 C.F.R. §§ 404.970(b), 416.1470(b). In particular, the claimant must show how the new evidence relates to the claimant's medical condition as it was at the time of the hearing. Id.; see also Williams v. Sullivan, 905 F.2d 214, 216 (8th Cir. 1990) (explaining medical evidence obtained after an ALJ decision is material if it relates to the claimant's condition on or before the date of the ALJ's decision). If the new evidence shows merely that the claimant's condition deteriorated after the administrative hearing, the evidence is not relevant to the claimant's condition as it was during the time at issue. Rhodes v. Barnhart, 2005 U.S. Dist. LEXIS 42876, at *33-34 (W.D.N.C. Mar. 30, 2005), aff'd, 176 Fed. Appx. 419 (4th Cir. Apr. 20, 2006) (new evidence must

relate to the time period for which benefits were denied and may not merely be evidence of a later-acquired disability or of subsequent deterioration of the previously non-disabling condition)).

The magistrate judge was unable to determine, from the record, whether or not the additional evidence pertained to events, signs, and symptoms that occurred during the alleged disability period prior to the ALJ's decision. Plaintiff argues that "the most reasonable inference" is that her condition was as severe as it is described to be in the post-decision materials, during the period prior to the ALJ's decision. Pl.'s Obj. M&R p. 2. Plaintiff contends "it is not reasonable to assume that [plaintiff's] condition suddenly deteriorated within the one month following the ALJ's decision[.]" Id. It is not necessary, however, to believe that plaintiff's condition "suddenly deteriorated" to arrive at the conclusion that her condition was not sever enough to warrant a finding of disability prior to the ALJ's order. In other words, if plaintiff experiences impairment that is severe at its baseline, even minimal additional impairment may tilt the balance to total disability.

Unfortunately, it is still not clear from the additional supporting materials submitted after the ALJ's decision whether or not they are applicable during the alleged disability period. "The applicant bears the burden of production and proof during the first four steps of the inquiry." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1993)); see also Coffman v. Bowen, 829 F.2d 514 (4th Cir. 1987). Plaintiff has not met that burden and the additional evidence thus cannot change the outcome in this case and is therefore not material.

Second, plaintiff argues that the magistrate judge erred when he found that the ALJ properly considered the issue of whether or not plaintiff met or equaled a Listing. Plaintiff contends that she meets the requirements for Listing 1.02 (Major dysfunction of a joint(s)). See Pl.'s Mem. Supp. J. Pldgs. In this objection, plaintiff essentially reiterates argument from her memorandum in support

of judgment on the pleadings, and urges this court to reweigh evidence that has been weighed already not only by the ALJ but also by the magistrate judge. This is something the court may not do. Mastro, 270 F.3d at 176. After a careful examination of the record and the relevant facts, the court finds that substantial evidence supports the ALJ's finding with respect to impairment and therefore, the Commissioner's decision in this respect is upheld.

In her third objection, plaintiff argues that the magistrate judge erred when he found that the ALJ properly assessed plaintiff's credibility. Specifically, plaintiff contends that the ALJ's improper and mistaken emphasis on plaintiff's alleged unwillingness to explore alternate treatment modalities may have colored his entire credibility determination. The record provides substantial support for the ALJ's credibility determination. For example, there is a disconnect between the severity of plaintiff's symptoms and the reality of plaintiff's medical examinations. See, e.g., Exam Notes, Dr. Jones, May 25, 2005 ("patient is in no acute distress"; "Unfortunately pt's complaints are not consistent with the exam."), Tr. 181; Exam Notes, Dr. Pezella, Oct. 5, 2005, ("I really do not see any pathology that should adequately explain the degree of pain the patient is describing or the distribution of the pain the patient is describing."), Tr. 190. As described further by the magistrate judge in his M&R, the ALJ also considered evidence of plaintiff's daily activities, multiple situs' of pain, weight gain, and lack of strong pain medication.

"Because he had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). Given the inconsistencies between plaintiff's testimony, written notes of health care providers entered into the record, and other objective evidence of plaintiff's relative impairment, this court finds that there is substantial evidence to support the

ALJ's credibility determination regarding plaintiff's testimony.

Plaintiff's fourth objection is that the magistrate judge erred when he found that the ALJ had properly determined plaintiff's RFC. Plaintiff claims that both she and her physician have attested that she cannot walk for up to two hours per day as required to qualify for sedentary work. As noted in the M&R, the ALJ may permissibly have discounted opinion evidence based on his own determination of plaintiff's credibility. Further, two state agency consultants found that plaintiff had the RFC to perform at an even higher level, that of medium work. Tr. 135, 143. The ALJ, "affording [plaintiff] the greatest benefit of the doubt and in light of her obesity and degenerative joint disease" found it "more reasonable and appropriate to limit her residual functional capacity to sedentary work." Tr. 27. Given the substantial evidence in the record supporting the ALJ's finding, the Commissioner's final decision with respect to RFC is upheld.

Fifth and finally, plaintiff argues that the ALJ was wrong not to enlist the aid of a Vocational Expert ("VE") at plaintiff's administrative hearing, in order to best assess plaintiff's nonexertional limitations, but rather relied on the administrative "Grids" to assess employment opportunity. Plaintiff contends that her impairment is so severe that she uses a cane during her daily activities "while ambulating" around the house, which brings her impairment within the ambit of severity that necessitates recourse to a VE.

The fact that a nonexertional limitation is alleged does not automatically preclude application of the Grids. Walker v. Bowen, 889 F.2d 47, 49 (4th Cir. 1989). "The proper inquiry . . . is whether the nonexertional condition affects an individual's residual functional capacity to perform work of which [s]he is exertionally capable." Id. When a claimant has a combination of nonexertional and exertional limitations and it is clear that the nonexertional limitations will have little effect upon the

8

exertional occupational base, the finding directed by the Grids is sufficient and VE testimony is unnecessary. SSR 83-14; see also Rogers v. Barnhart, 207 F. Supp. 2d 885, 896 (W.D.N.C. 2002) (ALJ not obligated to employ a VE because claimant's nonexertional impairments did not rise to a level which prevented a wide range of activity at the sedentary level). As described more thoroughly in the M&R, the record is not entirely clear with respect to how frequently or how consistently plaintiff is required to use her cane. Her other alleged limitations such as diminished reach capacity and concentration/focus were found to be within the scope of the sedentary work regime. Further, two state agency consultants found that plaintiff had the RFC to perform at an even higher level, that of medium work. Tr. 135, 143. Because substantial evidence supports the ALJ's determination, the final decision of the Commissioner is upheld.

## CONCLUSION

After careful review of the record in this case, the court finds that the law and substantial evidence supports the ALJ's determination that plaintiff is not disabled within the meaning of the Social Security Act. Accordingly, the court hereby ADOPTS the recommendation of Magistrate Judge Jones as its own, and, for the reasons stated except as modified herein, plaintiff's motion for judgment on the pleadings (DE # 14) is DENIED, defendant's motion for judgment on the pleadings (DE # 20) is GRANTED, and the final decision of the Commissioner is UPHELD. The clerk is directed to CLOSE this case.

SO ORDERED, this the 28 day of August, 2008.

LOUISE W. FLANAGAN
Chief United States District Judge